**United States District Court**
**District Of Maine**

| | |
|---|---|
| SAMUEL M. LUZINGU,<br><br>     Plaintiff,<br><br>     v.<br><br>ABBOTT LABORATORIES,<br><br>     Defendant. | Docket No. 2:25-cv-523-LEW |

**Plaintiff's Motion for Oral Argument**

Under Local Rule 7(e) and for the following reasons, Mr. Luzingu requests oral argument on the pending Motion to Dismiss or, in the Alternative, to Transfer Venue to the Northern District of Illinois (ECF No. 7) of Defendant Abbott Laboratories, Inc. (Abbott). Abbott filed its Reply (ECF No. 19) this past Friday afternoon.

**First**, this case raises a novel and substantial constitutional law issue because the plaintiff, Mr. Luzingu, is a Christian pastor who would suffer a major burden to his right to the free exercise of his religion (along with a corresponding abridgement of the free exercise rights of his 85 parishioners) if the Court transferred his case to Illinois. Even though Mr. Luzingu raised this issue in his Complaint (ECF No. 1 at ¶ 84(c)), Abbott did not address the issue in its Motion and thus Mr. Luzingu has not had an opportunity to respond to Abbott's arguments made for the first time in its Reply.

For example, Abbott's Reply made factual arguments about how the need to travel to Illinois for this case would purportedly not burden Mr. Luzingu's pastoral obligations. ECF No. 19 at 5. Oral argument would provide Mr. Luzingu an opportunity to respond to these

1

arguments. Further, Mr. Luzingu's religious freedom argument implicates the Maine Civil Rights Act (MCRA) in an unprecedented way because the argument relies on major amendments to the MCRA enacted in 2023. Thus oral argument would allow the Court and the parties an opportunity to address the effect this new version of the MCRA has on cases like this one.

**Second**, insofar as Abbott seeks dismissal of Mr. Luzingu's claims, that relief would deny Mr. Luzingu his constitutional right to a jury trial and "[t]he right to trial by jury is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right has always been and should be scrutinized with the utmost care." *SEC v. Jarkesy*, 603 U.S. 109, 121 (2024) (citation modified); *see also Jacob v. City of New York*, 315 U.S. 752, 752–53 (1942) (stating that the right to a jury trial is "so fundamental and sacred" that it "should be jealously guarded by the Court"). Thus, Abbott's motion is "a critical event in the course of federal civil justice" that warrants "substantial time, attention and visibility from experienced lawyers and judges," including by having oral argument.[1] And a public hearing will promote the favorable public perception of the judicial process as transparent and based on the rule of law.[2]

**Third**, a public hearing will promote the favorable public perception of the judicial process as transparent and based on the rule of law. Abbott has had the first and last word in the briefing schedule. Oral argument will help cure that imbalance by allowing both sides to address simultaneously all points made in the three briefs. And the interactive discussion with

---

[1] D. Brock Hornby, *Summary Judgment without Illusions*, 13 Green Bag 2d 273, 274, 281, 287 (Spring 2010) (making this point in related context of a motion for summary judgment when "the constitutional right to jury trial is at stake").

[2] *Id.* at 284.

the Court at oral argument "will positively contribute to the decision-making process" in a manner that written filings cannot.[3] For example, it will likely "clarify the issues" and assist the Court to "see more of what matters and does not matter."[4]

Because good cause has been shown, the Court should grant this request for oral argument.

Respectfully submitted,

Date: April 21, 2026

/s/ David G. Webbert
David G. Webbert
Johnson, Webbert & Beard, LLP
1 Bowdoin Mill Island, Ste 300
(207) 623-5110
dwebbert@work.law

/s/ Allan K. Townsend
Allan K. Townsend
Johnson, Webbert & Beard, LLP
1 Bowdoin Mill Island, Ste 300
Topsham, ME 04086
(207) 623-5110
atownsend@work.law

/s/ Ryan M. Schmitz
Ryan M. Schmitz
Johnson, Webbert & Beard, LLP
1 Bowdoin Mill Island, Ste 300
Topsham, ME 04086
(207) 623-5110
rschmitz@work.law

*Attorneys for Plaintiff*

---

[3] Stanley Mosk, *In Defense of Oral Argument*, 1 J. App. Prac. & Process 25, 29-30 (1999).
[4] Warren D. Wolfson, *Oral Argument: Does it Matter?*, 35 Indiana L. Rev. 451, 454 (2002) (oral argument "leads to better writing and helps avoid mistakes" in judicial opinions).

3

**Certificate Of Service**

I hereby certify that on April 21, 2026, I electronically filed this filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Allan K. Townsend
Allan K. Townsend, 9347
Johnson & Webbert, LLP
1 Bowdoin Mill Island, Ste. 300
Topsham, Maine 04086
Tel:  (207) 623-5110
E-Mail: atownsend@work.law

Attorney for Plaintiff

4